**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4629**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARK ADAM PICKREIGN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:15-cr-00057-RAJ-RJK-1)

Submitted:  April 25, 2017                                    Decided:  May 1, 2017

Before TRAXLER, SHEDD, and DIAZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Keith Loren Kimball, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Robert Edward Bradenham II, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Adam Pickreign pled guilty, pursuant to a written plea agreement, to theft of firearms from a licensed dealer, in violation of 18 U.S.C. § 922(u) (2012), and was sentenced to 84 months' imprisonment. On appeal, Pickreign's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court adequately complied with Fed. R. Crim. P. 11. The Government has moved to dismiss Pickreign's appeal based upon a waiver of appellate rights in his plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We conclude that the appeal waiver contained in Pickreign's plea agreement is valid, as he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Pickreign waived the right to appeal his conviction and any sentence within the statutory maximum. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to any issues within the compass of the waiver that are waivable by law. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (recognizing that certain claims cannot be waived by plea agreement).

Although Pickreign agreed to waive the right to appeal his conviction in his plea agreement, a defendant cannot waive a colorable claim that his plea was not knowing and voluntary. *See, e.g.*, *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Accordingly, Pickreign's appeal waiver does not foreclose our review of the validity of his guilty plea. Because Pickreign did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. *See United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Having reviewed the record, we conclude that the

2

district court's omissions in the course of the plea colloquy did not affect Pickreign's substantial rights. The impact of the district court's omissions was mitigated by the Rule 11 provisions described within the written plea agreement, which Pickreign confirmed he had thoroughly reviewed with his counsel, and the district court's otherwise considerable compliance with Rule 11 at the plea hearing. Furthermore, there is no evidence in the record suggesting that Pickreign would not have entered his plea in the absence of the district court's errors. *See United States v. Massenburg*, 564 F.3d 337, 344 (4th Cir. 2009). We therefore find that Pickreign's guilty plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are outside of the scope of the appeal waiver. Accordingly, we dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Pickreign, in writing, of the right to petition the Supreme Court of the United States for further review. If Pickreign requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pickreign.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*;
*AFFIRMED IN PART*

3